### Anna Mary Radloff, Appellee, v. Edward F. Radloff, Appellant.

#### (Not to be reported in full.)

Appeal from the Circuit Court of Marion county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed October 24, 1917.

#### Statement of the Case.

Action by Anna Mary Radloff, plaintiff, against Edward F. Radloff, defendant, to recover the proceeds of the sale of plaintiff's undivided one-fourth interest in certain premises which she inherited from her brother and her distributive share in the latter's personal estate collected by defendant pursuant to power of attorney from plaintiff. From a judgment for plaintiff for $806, defendant appeals.

CHARLES H. HOLT, for appellant.

JACOB ZIMMERMAN and CHAFEE, CHEW & BAKER, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

1. PRINCIPAL AND AGENT, § 62*—*when certified copy of proceedings for appointment of a conservator of principal is admissible in action to recover collected money.* Where plaintiff, in an action to recover money belonging to her and collected and held by defendant, offered in evidence without objection a certain certificate signed by defendant acknowledging possession of such money and agreeing to pay same to plaintiff when certain troubles between her and other heirs of her brother were settled and also, over defendant's objection, a certified copy of certain proceedings for appointment of a conservator for plaintiff, which were the troubles referred to in said certificate, showing that the conservator appointed in such proceedings had been removed and that plaintiff's rights in her property and to its possession and control were restored to her, *held* that the court properly admitted the record of the proceedings in connection with the certificate and limited its effect to showing the troubles mentioned in the certificate were ended.

2. EVIDENCE—*when testimony as to evidence in behalf of defendant in other proceedings is admissible.* Testimony by a court reporter with reference to evidence given by defendant at a trial of proceedings for the appointment of a conservator for plaintiff that defendant had collected plaintiff's money and had not turned same over to her, *held* properly admitted, in an action by plaintiff to recover such money, notwithstanding the defendant had not yet testified in such action, as it was not offered for his impeachment but as tending to show his indebtedness to plaintiff.

3. PRINCIPAL AND AGENT, § 63*—*when evidence sustains verdict for plaintiff in action against agent for money collected.* The verdict for plaintiff, in an action to recover plaintiff's money collected and held by defendant, plaintiff's son, *held* not against the manifest weight of the evidence, where defendant and four other witnesses, his sisters and brothers-in-law, testified to a certain conversation between plaintiff and defendant to the effect that plaintiff then told defendant she would give him the money and for him to take it, and plaintiff, alone, testified she had no such conversation and made no such promise, and where it appeared some of these witnesses testifying to such conversation had been petitioners in a petition to have a conservator for plaintiff appointed.

4. DAMAGES, § 207*—*when instruction on determination of is*

---

*not erroneous.* An instruction stating that "if from the evidence and the instructions of the court you find, etc.," given with reference to the measure of damages in the event the jury should find for the plaintiff, *held* to be in the usual form and not erroneous.

5. APPEAL AND ERROR, § 812*—*how language used in argument of counsel must be preserved in bill of exceptions.* Language claimed to have been used in opening and closing arguments of counsel and excepted to cannot be preserved in the record by inclusion in the argument of a motion for a new trial, but the bill of exceptions must set forth the language used in its proper place before such exception can be considered.